**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID SCOTT,

Defendant - Appellant.

No. 19-1356
(D.C. No. 1:19-CR-00056-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in David Scott's plea agreement pursuant to *United States v. Hahn*,

359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Exercising jurisdiction under

28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Scott pleaded guilty to two counts of use and discharge of a firearm during and

in relation to a crime of violence (murder in aid of racketeering activity), in violation

of 18 U.S.C. § 924(c)(1)(A)(iii).  As part of his plea agreement, he waived his right

to appeal his conviction and sentence, unless the government appealed the sentence

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or the sentence exceeded either the statutory maximum or the thirty-year term recommended by the government. Scott acknowledged in the plea agreement that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and appeal waiver. At the change of plea hearing, the district court reminded him of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted Scott's plea as having been knowingly and voluntarily entered. Consistent with the government's sentencing recommendation, the court sentenced him to two consecutive 15-year terms, for a total sentence of 30 years. The sentence is below the statutory maximum of life imprisonment, and the government did not appeal it. Despite the fact none of the exceptions to the appeal waiver applied, Scott filed a notice of appeal.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Scott, through counsel, "acknowledge[d] that his appeal waiver is enforceable under the standards set out in [*Hahn*]." Aplt. Resp. at 1. He thus conceded that his waiver was knowing and voluntary, that his appeal falls within the scope of the waiver, and that enforcement

2

of the waiver would not result in a miscarriage of justice. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam